**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARK J JACOBBI and DIANA JACOBBI,

    Plaintiffs,

v.                                    Case No. 3:16-cv-553-J-32JRK

ALDRIDGE PITE LLP, TARA N. CASTILLO, JACQUELINE GARDINER, KIMBERLY TALBOTT, and CITIMORTGAGE INC., Successor by Merger to ABN AMRO Mortgage Group Inc.,

    Defendants.

## O R D E R

Mark and Diana Jacobbi, proceeding pro se, allege that Defendants, a mortgage holder, law firm, and attorneys employed by that firm who brought a state foreclosure action against the Jacobbis, engaged in conduct that violates the federal Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act, and Florida Deceptive and Unfair Trade Practices Act. Defendants seek dismissal of the Complaint because it fails to state a claim and the law firm Defendants are entitled to immunity under Florida's Litigation Privilege. Defendants also contend that this Court should abstain from exercising jurisdiction in light of the pending state court action. The Court finds that abstention is appropriate under the Colorado River abstention doctrine.

I.   **FACTS**[1]

Plaintiffs purchased the property located at 1076 Durbin Parke Drive ("the Property") on October 11, 2002, which was secured by a mortgage. Mortgage Source Inc., the original creditor, recorded the mortgage in the official records of St. Johns County, Florida. The same day, Mortgage Source, Inc. assigned Plaintiffs' mortgage to ABN AMRO Mortgage Group, Inc. Plaintiffs made payments on their loan until August 2005, when they began having financial difficulty and thereafter only made sporadic payments. On September 1, 2007, ABN AMRO Mortgage Group, Inc. merged with CitiMortgage, Inc.

Plaintiffs ceased making payments on the loan altogether in March 2008, and in about mid-October 2008, CitiMortgage filed a foreclosure complaint against Plaintiffs in the Seventh Judicial Circuit Court in and for St. Johns County, Florida. In 2012, CitiMortgage moved to voluntarily dismiss the foreclosure case. In February 2016, CitiMortgage filed a second foreclosure action which is currently set for trial in state court on March 29, 2017. Plaintiffs filed this federal action in May 2016.

II.   **DISCUSSION**

   A.   **Colorado River Abstention**

"Abstention from the exercise of federal jurisdiction is the exception, not the rule," and is warranted only in "exceptional circumstances." Colorado River Water Conservation District v. United States, 424 U.S. 800, 813 (1976) (quotation marks

---

[1] The Court accepts as true the allegations in the Complaint and views them in the light most favorable to Plaintiffs for purposes of ruling on Defendants' motions to dismiss. Michel v. NYP Holdings, Inc., 816 F.3d 686, 706 (11th Cir. 2016).

2

omitted). When analyzing whether abstention under Colorado River is appropriate, the Court undertakes two inquiries, beginning with whether the state and federal proceedings are parallel. Ambrosia Coal and Constr. Co. v. Pages Morales, 368 F.3d 1320, 1329-30 (11th Cir. 2004). If the actions are parallel, the Court then considers six factors in determining whether abstention is appropriate: "(1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights." Id. at 1331; Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15-16 (1983). While "[t]he weight to be given any one factor may vary greatly depending on the case … the balance is 'heavily weighted' in favor of the federal court exercising jurisdiction." Amer. Bankers Ins. Co. of Fla. v. First State Ins. Co., 891 F.2d 882, 884 (11th Cir. 1990) (citing Moses H. Cone, 460 U.S. at 16).

### 1. **Whether the cases are parallel**

Cases are "parallel" for Colorado River abstention purposes "when federal and state proceedings involve substantially the same parties and substantially the same issues." Ambrosia Coal, 368 F.3d at 1330. The state foreclosure case and this federal case are parallel. Although not identical, the parties are substantially the same. Plaintiffs and CitiMortgage are parties to both actions. While the law firm Defendants are not parties to the state foreclosure action, they are representing CitiMortgage in the state case and Plaintiffs' claims asserted against the law firm Defendants in this action are common to those asserted against CitiMortgage in the state case. See

3

Hendricks v. Mortgage Electronic Registration Sys., Inc., No. 8:12-cv-2801-T-30TGW, 2013 WL 1279035, *3 (M.D. Fla. Mar. 28, 2013) (finding federal case and state foreclosure case involved substantially the same parties because the federal plaintiffs were the defendants in the state case, the federal defendant (the bank) was the state plaintiff, and the addition of additional defendants in the federal action did not destroy the similarity); Burgos v. SunTrust Bank, N.A., No. 13-21197-CIV-MARTINEZ/TORRES, 2014 WL 11880360, *2 (S.D. Fla. Nov. 17, 2014) ("[T]he parties are substantially similar. Plaintiff is the defendant in the state foreclosure action and Defendants are the plaintiffs. Although Plaintiff added two more defendants in this [federal] proceeding, that does not destroy the substantial similarities between the parties." (citing Hendricks, 2013 WL 1279035, *3)), adopted by 2015 WL 11201189 (S.D. Fla. Jan. 26, 2015). The issues are also substantially similar. Plaintiffs bring this lawsuit primarily based upon the state foreclosure action allegedly being "time barred," which is also the affirmative defense to foreclosure asserted by Plaintiffs in the state proceeding. Thus, in both cases, Plaintiffs seek to avoid foreclosure by asserting a statute of limitations argument.

### 2. Whether one court has assumed jurisdiction over the property

The filing of a Notice of Lis Pendens in the state foreclosure case on February 8, 2016 is evidence that the state court has assumed jurisdiction over the Property. Hendricks, 2013 WL 1279035, *4 ("The first factor weighs in favor of abstention as the state court has already asserted its jurisdiction as evidenced by the Notice of Lis Pendens filed in the state court proceeding…. *See Black's Law Dictionary* 950 (8th ed.

4

2004) (defining 'lis pendens' as '[t]he jurisdiction, power, or control acquired by a court over property while a legal action is pending.').");  Burgos, 2014 WL 11880360, *3 (Notice of Lis Pendens filed in state action evidenced state court's assumption of jurisdiction over property at issue).

Other courts to address the propriety of abstention where the parallel proceeding is a foreclosure action have noted this is the "most important" factor and similarly concluded it weighs "heavily" in favor of abstention. Sergeon v. Home Loan Ctr., Inc., No. 3:09-cv-1113-J-32JBT, 2010 WL 5662930, *6 (M.D. Fla. Oct. 26, 2010) ("In the Court's view, [that the state court has assumed jurisdiction over the property] is the most important Colorado River factor in this case, and it weighs heavily in favor of abstention."), adopted by 2011 WL 308176 (M.D. Fla. Jan. 27, 2011); Beepot v. J.P. Morgan Chase Nat. Corporate Servs., Inc., No. 3:10-cv-423-J-34TEM, 2011 WL 4529604, *8 (M.D. Fla. Sept. 30, 2011) ("Most significantly, the Florida court in the State Court Foreclosure Proceeding has assumed jurisdiction of the Florida property, satisfying the first, and in this case, the most important factor."). Indeed, in Colorado River, the Supreme Court noted that "the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts." 424 U.S. at 818; Beepot, 2011 WL 4529604, *8.

### 3.    The inconvenience of the federal forum

When analyzing this factor, courts "should focus primarily on the physical proximity of the federal forum to the evidence and witnesses[.]" Ambrosia Coal, 368 F.3d at 1332. The Property is located in St. Johns County, Florida, which is also where the state foreclosure action was filed. However, this Court is also located less than

5

forty miles away. Sergeon, 2010 WL 5662930, *6. Accordingly, the state forum may be slightly more convenient, but given the close proximity, this factor is basically neutral. Id. (finding this factor "essentially neutral" as between St. Johns County, Florida court and Jacksonville federal court).

### 4. The potential for piecemeal litigation

This factor "does not favor abstention unless the circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious." Ambrosia Coal, 368 F.3d at 1333. Here, if both the federal and state actions proceed, there is a very real risk of piecemeal litigation and a risk that the two courts may reach opposite results which could lead to uncertainty as to the proper owners of the Property. Sergeon, 2010 WL 5662930, *7 ("Because this dispute primarily involves rights in Florida real estate, it is obviously deleterious, to the point of being 'abnormally' so, to have two separate courts trying to determine property rights in" the plaintiff's property); Beepot, 2011 WL 4529604, *9 (explaining that "a state court adjudication of the State Court Foreclosure Proceeding creates a strong possibility that the state court's findings would have a preclusive effect on" the federal case, and abstention thus would "reduce the cost of litigation, reduce duplicative proceedings, promote judicial economy, and avoid inconsistent results."). Accordingly, this factor weighs heavily in favor of abstention.

### 5. The order in which the courts obtained jurisdiction

The state court action was filed on February 5, 2016, three months before this federal action was filed on May 5, 2016 (Doc. 1). When analyzing whether this factor weighs in favor of abstention, courts may consider "how much progress has been made"

6

in each case. Ambrosia Coal, 368 F.3d at 1333. In this case, although Defendants have filed motions to dismiss and Plaintiffs seek to amend their complaint to add additional parties, no discovery has taken place because discovery is currently stayed pending resolution of the motions to dismiss. (Doc. 30.) In contrast, the state case has proceeded past discovery and is currently set for a non-jury trial on March 29, 2017. See Order Setting Trial Before the Court, CitiMortgage, Inc. v. Jacobbi, No. CA16-1351 (Fla. Cir. Ct.) (entered Feb. 9, 2017). Accordingly, this factor also weighs heavily in favor of abstention. Burgos, 2014 WL 11880360, *3 (finding this factor weighed in favor of abstention where "[c]learly, the state court proceeding is closer to final resolution than this [federal] one.").

### 6.     Whether state or federal law will be applied

Plaintiffs' federal complaint alleges that Defendants violated both federal (FDCPA) and state laws (FCCPA, FDUTPA). However, "[t]he core dispute is a mortgage foreclosure on residential real estate, a subject typically adjudged in the state court and governed by state law[;]" also, "Florida state courts routinely entertain federal statutory TILA, RESPA and FDCPA claims, and common law claims, as counterclaims or affirmative defenses in state foreclosure actions." Beepot, 2011 WL 4529604, *9 (quotation marks omitted). Accordingly, this factor is at least neutral, if not weighing slightly in favor of abstention. Sergeon, 2010 WL 5662930, *7 (finding this factor neutral where the dispute involved both federal and state claims).

### 7. Adequacy of the state court to protect the parties' rights

"This factor will only weigh in favor or against abstention when one of the fora is inadequate to protect a party's rights." Ambrosia Coal, 368 F.3d at 1334. Here, neither party has suggested the inadequacy of either forum, so this factor is neutral.

### 8. The reactive or vexatious nature of either action

Courts are also permitted to consider the "vexatious or reactive nature" of either litigation. Moses H. Cone, 460 U.S. at 17 n.20; Ambrosia Coal, 368 F.3d at 1331 (quoting Moses H. Cone, 460 U.S. at 17 n.20). Here, Defendants claim that Plaintiffs filed this suit either as retaliation for or an attempt to thwart the state foreclosure action. Plaintiffs' own complaint notes that their federal complaint is based on the actions taken during or in relation to the state foreclosure. The Court agrees that this case appears to have been filed in reaction to the state foreclosure proceedings, and therefore this factor weighs heavily in favor of abstention. Sergeon, 2010 WL 5662930, *8 (finding this consideration weighed in favor of abstention where "it appear[ed] that this [federal] action was filed in reaction to the likelihood, imminence, or actual filing of the mortgage foreclosure action" and thus was clearly "an attempt by Plaintiff to thwart foreclosure of his home."); Beepot, 2011 WL 4529604, *10 ("It is evident that, the Beepots, with this later-filed federal action, are attempting to thwart foreclosure of their home in the State Court Foreclosure Proceeding…. [S]uch a reactive use of the federal court is inappropriate, and weights in favor of abstention.").

### B. Summary

The state foreclosure and this federal proceeding are parallel. In assessing the Colorado River factors under the Eleventh Circuit's guidance in Ambrosia Coal, the

8

first, third, and fourth factors weigh heavily in favor of abstention, as does the reactive and vexatious nature of the federal litigation. The other factors are neutral. Upon considering all the Colorado River factors "flexibly and pragmatically," Ambrosia Coal, 368 F.3d at 1332, the Court finds that "this is a case presenting exceptional circumstances in which notions of comity override this Court's obligation to exercise jurisdiction[,]" Sergeon, 2010 WL 5662930, *8.

## III.   CONCLUSION

Abstention under Colorado River is appropriate and the case will be stayed pending the final outcome of the foreclosure action. See Moorer v. Demopolis Waterworks and Sewer Bd., 374 F.3d 994, 998 (11th Cir. 2004) (holding that a stay, rather than dismissal, is the appropriate procedural mechanism when a court abstains under Colorado River).[2]

Accordingly, it is hereby

**ORDERED:**

1.   The Motion to Dismiss Plaintiffs' Complaint of Defendants, Aldridge Pite, LLP, Tara Castillo, and Jacqueline Gardiner (Doc. 10) is **GRANTED** to the extent that the Court will abstain and this action is stayed.

2.   Defendant CitiMortgage, Inc.'s Motion to Dismiss (Doc. 16) is **GRANTED** to the extent that the Court will abstain and this action is stayed.

---

[2] Because the Court is abstaining, it need not reach the other grounds asserted in the motions to dismiss. However, it is likely that if this case were to be reopened, Plaintiffs would need to file an amended complaint.

9

      3.      Plaintiff's [sic] Motion for Leave to File Their First Amended Complaint and Add Parties Matthew A. Ciccio esq. and Jennifer N. Lane esq. (Doc. 29) is **MOOT**.

      4.      The Clerk shall terminate any pending deadlines and motions and close the file to be reopened if any party moves to lift the stay following the conclusion of the state foreclosure action.

      **DONE AND ORDERED** in Jacksonville, Florida the 23rd day of February, 2017.

```
                                    _____
                                    TIMOTHY J. CORRIGAN
                                    United States District Judge
```

ab
Copies:

Counsel of record